585 S.E.2d 286

**In the Matter of Charles W. BLACKWELL, Respondent.**

**No. 25700.**

Supreme Court of South Carolina.

Submitted July 14, 2003.

Decided Aug. 11, 2003.

Henry B. Richardson, Jr. and Assistant Deputy Attorney General, Robert E. Bogan, both of Columbia, for the Office of Disciplinary Counsel.

Charles W. Blackwell, of Rock Hill, Pro Se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the sanction of disbarment. We accept the agreement and disbar respondent from the practice of law in this state. The facts, as set forth in the agreement, are as follows.

### *Facts*

Respondent has had an ongoing shortage of client funds in his law firm trust account since approximately 1994. Since that time he has misappropriated approximately $800,000 in client funds to purposes other than those for which they were intended. Currently, there is a shortage of $542,000 in client funds. Respondent's trust account has had repeated over-

drafts, negative balances and dishonored checks. Respondent has commingled approximately $300,000 of personal funds with client funds in an effort to reduce or cure the shortages.

## *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.15(a) (a lawyer shall hold property of clients that is in the lawyer's possession in connection with a representation separate from the lawyer's own property); Rule 1.15(b) (a lawyer shall promptly deliver to the client any funds that the client is entitled to receive); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent also acknowledges that his misconduct constitutes grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct); Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute); and Rule 7(a)(6) (it shall be a ground for discipline for a lawyer to violate the oath of office taken upon admission to practice law in this state).

## *Conclusion*

We accept the Agreement for Discipline by Consent and disbar respondent. Respondent shall pay restitution to presently known and subsequently identified clients, banks, and other persons and entities who have incurred losses as a result of respondent's misconduct in connection with this matter. Respondent shall also reimburse the Lawyers' Fund for Client Protection for any claims paid as a result of his misconduct in connection with this matter. Respondent shall not apply for

readmission unless and until all such restitution has been paid in full.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.